# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

|  |  |
|---|---|
| PARDEEP PARDEEP,<br><br>Petitioner,<br><br>v.<br><br>ERNESTO SANTACRUZ JR. et al.,<br><br>Respondents. | Case No. 2:26-cv-04624-DFM<br><br><br>ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS |

## I.   INTRODUCTION

Petitioner Pardeep Pardeep filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 challenging his immigration detention. See Dkt. 1 ("Petition"). Petitioner argues that he is being held in custody under 8 U.S.C. § 1226(a) and that he is constitutionally entitled to a bond hearing. See id. ¶¶ 4, 13. Respondents filed an Answer, asserting that Petitioner is subject to a final, non-stayed order of removal and that his detention is therefore governed by 8 U.S.C. § 1231(a). See Dkt. 7 ("Answer"); see also Declaration of Evelyn Lajuj ("Lajuj Decl.") ¶¶ 8-16 & Exs. 1-3. Petitioner filed a Reply. See Dkt. 9 ("Reply").

For the reasons set forth below, the Petition is **DENIED** in part and **DISMISSED** in part.

## II.    BACKGROUND

Petitioner is a citizen and national of India. See Petition ¶ 30; Lajuj Decl. ¶ 4. On or about March 14, 2023, U.S. Border Patrol encountered him at the Lukeville, Arizona Port of Entry and served him with a Notice to Appear charging him under § 212(a)(6)(A)(i) of the Immigration and Nationality Act (the "INA"). See Petition ¶¶ 2, 15; Dkt. 1-2. Petitioner was released by Order of Release on Recognizance on or about March 17, 2023, and subsequently applied for asylum, withholding of removal, and protection under the Convention Against Torture. See Petition ¶¶ 2-3.

On May 5, 2025, the Immigration Court issued a cure notice advising Petitioner that his Form I-589 was deficient because it failed to provide substantive responses to multiple questions and ordering him to file a complete application within 120 days. See Lajuj Decl., Ex. 1 at 4-6. Petitioner filed nothing in response. See id. The 120-day window closed on September 5, 2025. See id. On September 17, 2025, the Immigration Judge deemed the application abandoned and ordered Petitioner removed to India. See id.  at 7; Lajuj Decl. ¶ 8.

On October 10, 2025, Petitioner filed a motion to reopen. See Lajuj Decl. ¶ 9. On November 26, 2025, a second Immigration Judge denied the motion, finding that counsel's claimed unawareness of the cure notice did not constitute changed circumstances unavailable or undiscoverable at the time of the prior proceedings. See id. ¶ 10 & Ex. 1 at 9-10. The order denying the motion to reopen did not grant a stay of removal. See id.

On December 10, 2025, Petitioner appealed the denial of the motion to reopen to the Board of Immigration Appeals (the "Board"). See Lajuj Decl. ¶ 11. He did not request a stay of removal. See id. ¶¶ 11, 14, Ex. 2.

On April 9, 2026, Petitioner reported to the Los Angeles Field Office for a routine supervision appointment. See id. ¶ 13. U.S. Immigration and

2

Customs Enforcement ("ICE") conducted a case review, confirmed that no stay of removal had been granted, and took Petitioner into custody to effectuate his removal. See id. ¶¶ 13-14 & Ex. 2. On April 28, 2026, ICE received a passport for Petitioner valid through January 26, 2031, and assembled a removal packet. See id. ¶ 15 & Ex. 3. Deportation Officer Lajuj attests that, based on her knowledge and belief, there is no impediment to Petitioner's removal at this time. See id. ¶ 16.

Petitioner filed his Petition twenty days after his arrest, on April 29, 2026. See Petition.

### III.    DISCUSSION

### A.    Petitioner's Detention is Not Governed by Section 1226(a)

Petitioner repeatedly asserts that he is held in "pre-final order of removal detention under 8 U.S.C. § 1226(a)." Petition ¶¶ 4, 13, 15, 51. Based on that assumption, Petitioner takes aim at the Board's decision in Matter of Yajure Hurtado, 29 I&N Dec. 216 (BIA 2025), arguing that he is improperly classified under § 1225(b) rather than § 1226(a). See id. ¶¶ 4-13, 36-44. But Petitioner is wrong about his classification; the § 1226(a) framework is inapplicable.

"Section 1226 applies before an alien proceeds through the removal proceedings and obtains a decision; § 1231 applies after." Johnson v. Guzman Chavez, 594 U.S. 523, 544 (2021). The Ninth Circuit holds that the detention authority under § 1226(a) "applies only while 'a decision on whether the alien is to be removed from the United States' is 'pending,'" and is unavailable once that decision has been made. Padilla-Ramirez v. Bible, 882 F.3d 826, 832 (9th Cir. 2017) (quoting 8 U.S.C. § 1226(a)). The corresponding bond-hearing regulation, 8 C.F.R. § 236.1(d)(1), "does not apply to detentions authorized under section 1231(a)." Id. at 829-30.

The decision "whether [Petitioner] is to be removed from the United States," 8 U.S.C. § 1226(a), is no longer pending. An Immigration Judge

ordered Petitioner removed on September 17, 2025. See Lajuj Decl. ¶ 8 & Ex. 1 at 7. Petitioner did not appeal that order to the Board within the thirty days allowed by 8 C.F.R. § 1003.38(b). The order accordingly became administratively final by operation of regulation. See Guzman Chavez, 594 U.S. at 534 (noting that an order is "administratively final" once "the agency's review proceedings" are concluded (emphasis omitted)).

Petitioner's motion to reopen and his pending Board appeal of the denial of that motion do not displace this finality for detention purposes. The regulation governing automatic stays is explicit: while a direct appeal of a removal order automatically stays execution under 8 C.F.R. § 1003.6(a), that automatic stay "shall not apply to an order of an Immigration Judge . . . denying a motion to reopen . . . except where such order expressly grants a stay," 8 C.F.R. § 1003.6(b). The Immigration Judge's November 26, 2025 order did not expressly grant a stay. See Lajuj Decl. Ex. 1 at 9-10. The Board likewise did not grant a discretionary stay because Petitioner never requested one. See id. ¶¶ 11, 14 & Ex. 2.

Detention is therefore governed by 8 U.S.C. § 1231(a), and the Petition's claim to a bond hearing under § 1226(a) cannot succeed. See Padilla-Ramirez, 882 F.3d at 829-33. Accordingly, his claims under the INA, Administrative Procedure Act, Suspension Clause, and Equal Protection Clause—which rest on § 1226(a)—also fail.

**B.     Petitioner Has No Cognizable Detention Claim Under § 1231(a)**

Section 1231(a) authorizes detention to effectuate a final order of removal. During the ninety-day "removal period," which generally begins "on the date the order of removal becomes administratively final," 8 U.S.C. § 1231(a)(1)(B)(i), "the Attorney General shall detain the alien," § 1231(a)(2). After the removal period, certain categories of noncitizens "may be detained" at the Attorney General's discretion. See id. § 1231(a)(6). The Supreme Court

4

has read § 1231(a)(6) to authorize continued post-removal-period detention only for "a period reasonably necessary to bring about that alien's removal," with six months serving as a presumptively reasonable period. Zadvydas v. Davis, 533 U.S. 678, 689, 701 (2001). After six months, a noncitizen who provides "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future" may obtain release if the Government fails to rebut the noncitizen's showing. Id. at 701.

Petitioner's detention is not unlawful under this framework. He has been in custody since April 9, 2026—less than one month at the time the Petition was filed and approximately one month at the time of the Reply. The presumption of reasonableness extends to six months, Zadvydas, 533 U.S. at 701, and Petitioner's detention is not close to that threshold.

Petitioner's Reply nonetheless invokes Zadvydas, arguing that under Respondents' own theory of finality, the ninety-day removal period expired in mid-December 2025 and the six-month presumptive period expired in mid-March 2026, roughly three weeks before Petitioner was re-detained on April 9, 2026. See Reply at 6-7. Based on this understanding, Petitioner contends that he was "presumptively entitled to release under Zadvydas before he was ever re-detained." Id. at 6.

This argument is unpersuasive. The Zadvydas presumption measures the duration of physical detention, not the passage of time since a removal order became final. The Supreme Court's concern in Zadvydas was the "indefinite" physical confinement of noncitizens whom the Government could not actually remove. See 533 U.S. at 690-91. The statutory text is consistent: § 1231(a)(6) authorizes the Attorney General to "detain" certain noncitizens "beyond the removal period," and Zadvydas held that this "detention" must be limited to a "period reasonably necessary to bring about that alien's removal." Id. at 689. The six-month presumption runs while a noncitizen is in confinement; it does

5

not accrue while the noncitizen is at large in the community under conditions of supervised release.

In any event, the substantive <u>Zadvydas</u> question is whether "there is no significant likelihood of removal in the reasonably foreseeable future," <u>Zadvydas</u>, 533 U.S. at 701, and Respondents have come forward with a showing that removal is foreseeable. ICE has obtained a valid Indian passport for Petitioner, has prepared a removal packet, and has identified no impediment to removal. <u>See</u> Lajuj Decl. ¶¶ 15-16 & Ex. 3. Petitioner's suggestion that his pending Board appeal of the denial of his motion to reopen "creates a significant legal obstacle to removal," Reply at 7, fails because, as already explained, that appeal carries no automatic stay under 8 C.F.R. § 1003.6(b) and neither the Immigration Judge nor the Board has granted a discretionary one. <u>See</u> Lajuj Decl. ¶¶ 10-11, 14 & Ex. 2. Removal accordingly remains both legally permissible and practically imminent.

In short, under § 1231(a)(2), detention is mandatory. Under § 1231(a)(6), the constitutional limit articulated in <u>Zadvydas</u> applies, but Petitioner has not reached it.

**C.   Section 1252(g) Bars Relief**

Petitioner's request for "immediate release" also runs into the additional hurdle of the jurisdictional bar of 8 U.S.C. § 1252(g).

Section 1252(g) provides that "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders." 8 U.S.C. § 1252(g). The Ninth Circuit applied that bar to a habeas petition on similar facts in <u>Rauda v. Jennings</u>, 55 F.4th 773 (9th Cir. 2022). Like Petitioner, the petitioner in <u>Rauda</u> had a final removal order and a pending resolution with the Board of his motion to reopen, with no stay in place. <u>See</u> <u>id.</u> at 776-77. The Ninth Circuit held that § 1252(g)

deprived the district court of jurisdiction to entertain a habeas petition that, in substance, sought to enjoin execution of the removal order pending the motion-to-reopen proceedings. See id. at 778-79 ("No matter how [petitioner] frames it, his challenge is to the Attorney General's exercise of his discretion to execute [petitioner]'s removal order, which we have no jurisdiction to review.").

Notably, the Rauda court rejected the argument that a challenge directed at the timing of removal escapes § 1252(g): "[T]he discretion to decide whether to execute a removal order includes the discretion to decide when to do it. Both are covered by the statute." Id. at 777 (quoting Tazu v. Att'y Gen. United States, 975 F.3d 292, 297 (3d Cir. 2020)). Additionally, the court explained that the statutory scheme does not deprive the petitioner of meaningful review: he may seek administrative reopening (which can proceed in his absence), and may petition for review of any final Board order. See id. at 780. "This statutorily provided process satisfies any demands of the Due Process Clause when an alien subject to a valid, final order of removal seeks to reopen his removal proceedings." Id. at 780.

Petitioner's Reply contends that he is not seeking to enjoin removal but rather release from civil detention, and on that distinction he relies on Nadarajah v. Gonzales, 443 F.3d 1069 (9th Cir. 2006), and Diouf v. Napolitano, 634 F.3d 1081 (9th Cir. 2011), for the proposition that habeas jurisdiction over immigration detention is "unaffected by § 1252 jurisdictional limits." Reply at 2-3. Again, this argument is unpersuasive. Nadarajah expressly limited its holding to "cases that do not involve a final order of removal." 443 F.3d at 1076; see also id. ("By its terms, the jurisdiction-stripping provision does not apply to federal habeas corpus petitions that do not involve final orders of removal."). Nadarajah himself had "prevailed at every administrative level of review" and had no executable order; he was

7

challenging detention that the Government could not lawfully end through removal. See id. at 1075-76. Diouf similarly addressed the procedural protections owed to a noncitizen subjected to prolonged § 1231(a)(6) detention while his petition for review remained pending in the court of appeals. See 634 F.3d at 1083-84. Neither case speaks to the situation here, where Petitioner has a valid, non-stayed final removal order that ICE has taken him into custody to effectuate. Rauda is directly on point, and it forecloses Petitioner's claim.

To the extent Petitioner seeks an order that would prevent or delay his removal, it is dismissed for lack of jurisdiction under § 1252(g). See Rauda, 55 F.4th at 778-79.

### D.   Petitioner's Pre-Deprivation Hearing Theory Fails

Petitioner asserts that having been released on recognizance for approximately three years and having complied with all conditions of release, Petitioner had a vested liberty interest under Morrissey v. Brewer, 408 U.S. 471 (1972), that could not constitutionally be revoked without notice and a pre-deprivation hearing under Mathews v. Eldridge, 424 U.S. 319 (1976), see Petition ¶¶ 54-74.

The cases on which Petitioner relies on involve re-detention occurring while removal proceedings remained open, where the disputed question was whether a § 1226(a) bond hearing was or should have been made available. See Petition ¶¶ 10, 72 (citing district court decisions). In those cases, the courts found that due process principles articulated in Morrissey and Mathews may require some procedural safeguard to avoid leaving the noncitizen with no opportunity to test his confinement. That is not Petitioner's situation.

Here, by the time of the April 9, 2026 arrest, the removal proceedings had been concluded. An Immigration Judge had entered a final order of removal more than six months earlier; Petitioner had elected not to appeal it; his motion to reopen had been denied, also without a stay; and his Board

appeal of that denial, for which he never sought a stay, does not, by regulation, suspend execution of the removal order. See Lajuj Decl. ¶¶ 8-15. The conditional nature of the recognizance release was tied to ongoing immigration proceedings that have resulted in Petitioner's removal. The procedural protections of the underlying removal proceedings provided adequate process to which Petitioner was entitled before his liberty could be revoked.

Once again, the Ninth Circuit's decision in Rauda is instructive. The Rauda court explained that, while "some judicial intervention in deportation cases" is required, "that is a far cry from saying that judicial intervention is required at every step." Rauda, 55 F.4th at 780 (emphasis in original). As the court further observed, "Congress has already balanced the amount of process available to petitioners with the executive's prerogative to remove individuals." Id. at 781.

Petitioner cannot use Morrissey and Mathews to accomplish what § 1252(g) and 8 C.F.R. § 1003.6(b) directly prohibit: a judicial stay of removal in the absence of an administrative one.

**E.    Petitioner's Collateral Attack on the Removal Order Fails**

Petitioner argues in his Reply that, even if § 1231(a) governs his detention, the September 17, 2025 removal order is itself the product of a constitutionally defective proceeding because his current counsel never received the Immigration Court's May 5, 2025 cure notice. See Reply at 4-5. Petitioner contends that "a removal order tainted by a structural due process violation cannot serve as the constitutional predicate for indefinite civil detention." Id. at 5.

The merits of that argument are not properly before this Court. Following the REAL ID Act of 2005, 8 U.S.C. § 1252(a)(5) makes a petition for review filed in the appropriate court of appeals "the sole and exclusive means for judicial review of an order of removal," and § 1252(b)(9)

9

consolidates "all questions of law and fact . . . arising from any action taken or proceeding brought to remove an alien from the United States" into that same review. The Ninth Circuit has held that this channeling cannot be avoided by recharacterizing the challenge: "[w]hen a claim by an alien, however it is framed, challenges the procedure and substance of an agency determination that is 'inextricably linked' to the order of removal, it is prohibited by section 1252(a)(5)." Martinez v. Napolitano, 704 F.3d 620, 623 (9th Cir. 2012). The cure-notice argument is precisely such a challenge, as it attacks the procedural validity of the proceedings that produced the removal order.

Petitioner is, moreover, already pursuing this argument through the proper channel. He has appealed the Immigration Judge's denial of his motion to reopen to the Board, raising the same cure-notice due process theory now repeated in the Reply, and that appeal remains pending. See Reply at 5; Lajuj Decl. ¶¶ 11, 14. If the Board grants the appeal, the removal order will be vacated and the reason for Petitioner's detention will fall with it. If the Board denies it, Petitioner may petition the Ninth Circuit for review. What Petitioner may not do is bypass that statutory process by asking this Court to invalidate his removal order in a habeas action. As Rauda confirms, the "statutorily provided process satisfies any demands of the Due Process Clause when an alien subject to a valid, final order of removal seeks to reopen his removal proceedings." 55 F.4th at 780.

///

///

///

///

///

///

///

## IV.   ORDER

Petitioner's efforts to seek relief that would enjoin or delay execution of his removal order, including the request for an injunction against transfer, are **DISMISSED** for lack of jurisdiction under 8 U.S.C. § 1252(g). In all other respects, the Petition for Writ of Habeas Corpus is **DENIED**.

Date: May 15, 2026

_____
DOUGLAS F. McCORMICK
United States Magistrate Judge